SAMUEL WILSON, Appellant, vs. C. H. McCORMICK & BROTHERS, Respondents.

In an action to reform a written contract and for damages for its breach, the jury rendered a special verdict for the plaintiff, and subsequently to the verdict the plaintiff by leave of Court amended his complaint, setting forth as the real contract, one different from that found by the jury to be the true one ;   *Held*— that on a motion for a decree of reformation of the contract in accordance with the complaint as amended, the motion was properly denied.

This action was brought in the District Court of Fillmore County. The second amended complaint sets out a contract made between the plaintiff and the defendants, the defendants acting through their duly authorized agents, as follows : "The plaintiff agreed with the agents of the defendants, *to purchase* of the defendants a good four horse self-raking, reaping and mowing machine, of the kind manufactured by the defendants, and to pay therefor to the defendants the sum of $200, which was to be paid in installments, and also to pay freight and charges on the same, not exceeding six dollars, from the city of Chicago to Winona, Minnesota, when the same should be delivered to the plaintiff; that the defendants, by their agents, in consideration of said agreement on the part of the plaintiff, then and there *sold* said machine to the plaintiff, and agreed with the plaintiff to have the same with the usual extras, at said Winona, ready to be delivered, and to deliver the same to the plaintiff, at said Winona, on or about June 20th, 1863, and to give plaintiff timely notice of the arrival of said machine at Winona, and of their readiness to deliver the same." The said complaint further alleges that the agent of the defendants drew up a written order to the defendants for the said machine, containing, as plaintiff then believed and was informed by said agent, the terms of said agreement which was signed by

plaintiff; that the defendants by their agents, then and there, gave to plaintiff a written acceptance of said order, and agreed to give the plaintiff timely notice of their readiness to deliver said machine at Winona. The said complaint further alleges that the plaintiff is informed and believes, that the terms of said contract are not correctly stated in said written order in this: "that the same contains a request by the plaintiff to defendants, *to manufacture and ship* for plaintiff on or before June 20th, 1863, one of said machines to the care, &c., * * Winona," and in that, "the terms of said contract—to have said machine with the usual extras, at the city of Winona, ready to be delivered and to deliver the same to the plaintiff at Winona, on the 20th day of June, 1863, * * * and to give the plaintiff timely notice of the arrival of the same at Winona, and of their readiness to deliver the same, are wholly omitted in said order;" that said inaccuracies occurred by mistake; that plaintiff did not discover said mistakes until the September following. The said complaint then alleges the plaintiff's readiness, and defendants' failure, to perform said contract; then follows the *ad damnum* clause, and the prayer for reformation of the said order, so that it shall express the terms of the contract made by the parties, and for damages sustained from its non-performance. The answer of the defendants denies the allegations of the said complaint respecting the contract made, and the mistakes in the written order, and alleges that the plaintiff ordered of the defendants one of their machines, and sets forth a copy of the order, which contains a request by the plaintiff to the defendants to *manufacture and ship* for plaintiff on or before June 20, 1863, one of their machines, &c., and does not contain any clause requiring defendants to have said machine with the usual extras at the city of Winona, ready to be delivered, and to deliver the same to the plaintiff on the 20th day of June, 1863, and to give the plaintiff timely notice of the arrival of the same at Winona, and of their readiness to deliver the same. Said answer further sets up a counter-claim, on which issue is joined by the reply. On the trial of said action the Court directed the issues in relation to the alleged mistakes in the terms of the contract, or order, signed

by the plaintiff, to be tried separately by a jury. The jury returned a verdict for the plaintiff, that the allegations of the complaint relating to such mistakes are true. The plaintiff then moved the Court for a decree reforming said contract, which motion was denied; whereupon the plaintiff asked leave to again amend his complaint by striking from the allegations respecting the contract, the words, "the plaintiff agreed with the agents of the defendants *to purchase* of the defendants," and inserting in place thereof the words, "the plaintiff agreed with the agents of the defendants, that the defendants *should manufacture and ship* for plaintiff;" also by striking out therefrom the words, "then and there *sold* said machine," and inserting the words, "then and there *agreed* to *manufacture* and *ship* said machine"—which motion was allowed by the Court. Thereupon the plaintiff moved "for a decree to reform the contract so as to conform the contract to the complaint as thus amended." This motion was denied and the plaintiff appeals from the order denying the same to this Court.

R. A. JONES for Appellant.

C. G. RIPLEY for Respondents.

I.—The order of the District Court should not be reversed for the reason that a decree reforming any contract can only be based upon facts proved, and must conform to the facts proved.

The motion is understood to have been that the Court reform the written contract in accordance with the verdict, and the amended complaint. This would have been impossible; the Court must go by the facts as established by the verdict. A contract conformed to the amended complaint would be a different contract from one conformed to the facts established by the verdict.

II.—The decree asked for by the plaintiff would have violated the defendants' rights. It would have violated their right to amend their answer to meet the amended complaint, and to have a new trial of the issues raised upon such amended pleadings.

By the changes in the complaint the answer becomes changed in its scope and meaning and might compromise defendants.

. III.—The decree asked for by plaintiff should not have been granted, because the Court exceeded its authority, in allowing the amendments without first setting the verdict aside and ordering a new trial.

Nor do the amendments fall within the purview of the statute. They are not in furtherance of justice, for they work an injustice. They are not allegations material to the plaintiff's case, as he had proved it; but state a different case. They do not conform the pleading to the facts proved, but cause it to differ therefrom. So long as the verdict stood these amendments should not have been allowed. *Comp. Stat., chap.* 60, *sec.* 90, *p.* 544; *Bingham vs. Supv. Winona Co.*, 6 *Minn.*, 136; *Henderson vs. Shaw*, 7 *Minn.*, *p.* 480.

*By the Court*—McMILLAN, J.—By the special finding of the jury the contract as set forth in the second amended complaint of the plaintiff is established as the contract made between the parties, and the finding of the jury is the only basis for a decree of reformation of the written contract. The amendment asked for by the plaintiff and granted by the Court, makes a contract different from that found by the jury, and although the Court erroneously granted leave to make the amendment after the verdict, it does not follow that it must continue the error by making the decree moved for. The record shows that the jury have not found the contract as set forth in the complaint as last amended, but have found a different contract. The Court therefore was right in denying the motion for a decree.

As this conclusion determines the case, it is not necessary to pass upon the other points in the case.

The order appealed from is affirmed.